UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

STEPHEN DESCALZI,

Plaintiff,

v.

U.S. POST OFFICE and JOHN HOWARD,
Acting Postmaster,

Defendants.

Civil Action No. 19-12832 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court upon Defendant United States of America's ("Defendant") Motion to Dismiss for Lack of Jurisdiction. (ECF No. 4.) Pro se Plaintiff Stephen Descalzi ("Plaintiff") did not file opposition. The Court has carefully considered Defendant's submission and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Defendant's Motion is granted.

**I.   BACKGROUND**

Plaintiff initiated this action against the United States Post Office and Acting Postmaster John Howard in New Jersey Superior Court.[1] (Notice of Removal ¶ 1, ECF No. 1; *see* Compl., Notice of Removal Ex. A, ECF No. 1 at *6–16.[2]) Plaintiff alleges that he sought to receive mail at

---

[1] Pursuant to Defendant's certification that Johnathan A. Howard acted in the course and scope of his employment with the United States during all conduct described in the Complaint, (*see* Notice of Removal ¶ 8; Certification of Scope, Notice of Removal Ex. B), the Court substitutes Defendant as the party defendant and deems this action as against only the United States. *See* 28 U.S.C. § 2679(d).

[2] Pages marked with an asterisk refer to the page numbers of the ECF header.

a mailbox affixed to his home rather than at a mailbox located on his street. (Compl. at *15.) Plaintiff's mail carrier advised him that he could receive his mail at a mailbox affixed to his home if he installed one. (*Id.*) Plaintiff then affixed a mailbox to his home; he estimates he incurred approximately $620 in expenses for the cost and installation of the mailbox. (*Id.*)

After Plaintiff installed the mailbox, his mail was not delivered to that mailbox from April 15, 2019, through April 26, 2019. (*Id.*) Plaintiff seeks damages of $100 per day for each day his mail was not delivered to this mailbox. (*Id.*) Plaintiff also seeks compensatory damages for his costs incurred while purchasing and installing the new mailbox. (*Id.*)

Defendant removed Plaintiff's Superior Court action to this Court, noting that—although Defendant was not a named defendant and had not yet been served—Defendant is the only proper defendant under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2679. (Notice of Removal ¶¶ 3–11.) Defendant presently moves to dismiss the Complaint for lack of subject matter jurisdiction. (ECF No. 4.)

## II. LEGAL STANDARD

"A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the [C]ourt's subject matter jurisdiction." *Gould Elec., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). "Facial attacks . . . contest the sufficiency of the pleadings, and the trial court must accept the complaint's allegations as true." *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 1181, 1188 (3d Cir. 2006). By contrast, on a factual attack to federal subject matter jurisdiction, courts may consider evidence outside the pleadings. *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006) (citation omitted). Additionally, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.*

2

## III. DISCUSSION

Defendant brings a factual attack, arguing that Plaintiff failed to exhaust administrative remedies prior to filing suit.[3] (Def.'s Moving Br. 6–8.) "The United States . . . is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted). Where the United States consents to suit by a statute, "the terms of its waiver of sovereign immunity define the extent of the court's jurisdiction." *United States v. Mottaz*, 476 U.S. 834, 841 (1986). "The conditional sovereign immunity of the United States extends to its branches and agencies, including the United States Postal Service." *Martinez v. U.S. Post Office*, 875 F. Supp. 1067, 1071 (D.N.J. 1995). Waivers of immunity must be "unequivocally expressed" and "construed strictly in favor of the sovereign." *United States v. Nordic Vill. Inc.*, 503 U.S. 30, 33–34 (1992) (citations omitted).

The FTCA constitutes an explicit, but limited, waiver of sovereign immunity for certain actions against the United States in federal district court. 28 U.S.C. § 1346(b)(1). The United States waives sovereign immunity under the FTCA only where the plaintiff has "first presented the claim to the appropriate Federal agency" and the claim has been "finally denied by the agency in writing." 28 U.S.C. § 2675(a). "The FTCA bars claimants from bringing suit in Federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S.106, 113 (1993); *see Tucker v. U.S. Postal Serv.*, 676 F.2d 954, 959 (3d Cir. 1982) (stating "noncompliance with [§] 2675 deprives a claimant of Federal court jurisdiction over his or her claim").

---

[3] Defendant also brings a facial attack, arguing that the "postal matter exception" to FTCA jurisdiction bars Plaintiff's claims because Plaintiff asserts claims "arising out of the loss, miscarriage, or negligent transmission of letter or postal matter." (Def.'s Moving Br. 4–5 (quoting 28 U.S.C. § 2680(b)).) Because the Court dismisses the Complaint for Plaintiff's failure to exhaust administrative remedies, the Court does not address Defendant's postal matter exception argument.

The applicable agency's regulations determine compliance with the exhaustion requirement. *Martinez*, 875 F. Supp. at 1075. The United States Postal Service regulations set forth the following procedure for presenting a claim to the Postal Service:

> A claim shall be deemed to have been presented when the . . . Postal Service receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95, Claim for Damage or Injury, or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident.

39 C.F.R. § 912.5. The plaintiff bears the burden of proving exhaustion of administrative remedies. *Medina v. City of Phila.*, 219 F. App'x 169, 171–72 (3d Cir. 2007). Failure to exhaust administrative remedies warrants dismissal for lack of subject matter jurisdiction. *McNeil*, 508 U.S. at 113.

Here, Plaintiff fails to meet his burden of showing he exhausted administrative remedies. Defendant certifies that it searched two databases of records of administrative tort claims and found no claim filed by Plaintiff. (Hearst Decl. ¶¶ 3–6, ECF No. 4-3.) Plaintiff, furthermore, fails to plead in his Complaint that he exhausted the administrative remedies. (*See generally* Compl.) Because both the pleadings and information outside the pleadings indicate that Plaintiff did not exhaust administrative remedies, and because Plaintiff bears the burden of demonstrating exhaustion, the Court finds that it lacks subject matter jurisdiction.

## IV. CONCLUSION

The Court finds that Plaintiff failed to exhaust his administrative remedies before filing suit. Because exhaustion is a prerequisite for jurisdiction, the Court dismisses the matter for lack of subject matter jurisdiction.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE